IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOE LONDON )
)
v. ) NO. 3:06-1110
)
CORRECT CARE SOLUTION, et al. )

TO: Honorable Robert L. Echols, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By order entered January 18, 2007 (Docket Entry No. 14), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, for consideration of all pretrial matters.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 11) of Defendant Davidson County Sheriff's Office. Plaintiff has filed a response (Docket Entry No. 15) in opposition to the motion. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff is currently an inmate at the Davidson County Criminal Justice Center ("CJC") in Nashville, Tennessee. He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 alleging that he was denied adequate medical care at the CJC in violation of his constitutional rights.

By order entered November 16, 2006 (Docket Entry No. 3), process was issued to the Davidson County Sheriff's Office ("Sheriff's Office"), Correct Care Solutions ("CCS"), a business which provides medical care to inmates at the CJC, and Dawn James and Grady Bazzel,[1] two medical care providers. CCS, Ms. James, and Ms. Bazzel have filed a joint answer (Docket Entry No. 10) to the complaint.

In the pending motion to dismiss, the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") argues that the Sheriff's Office cannot be sued. It asserts that the Sheriff's Office is merely a part of the Metropolitan Government and is not a separate legal entity capable of being sued.

Plaintiff's response fails to address the single, specific legal argument made in the motion to dismiss and, instead, argues the merits of his claim.

## II. STANDARD OF REVIEW

A motion brought under Rule 12(b)(6) is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). For the purpose of a motion to dismiss, the allegations of the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. See Scheid, 859 F.2d at 436-37.

---

[1] Plaintiff's Complaint does not clearly indicate that he is suing Defendants James and Bazzel in this action, but he returned service packets for both of these individuals.

## III. CONCLUSIONS

The motion to dismiss should be granted. The Sheriff's Office should be dismissed as a defendant in this action.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(overruled in part by Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); Flagg Bros. v. Brooks, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under Section 1983. See Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

In addition to individuals, municipal corporations, and other "bodies politic and corporate" may be sued under Section 1983. Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir. 1997), cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 229 (1997). However, the Davidson County Sheriff's Office is not a body politic, and as such, is not a person within the meaning of § 1983. See Docket Entry No. 11, at Exhibit A & B; Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of Section 1983); Timberlake by Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn., Nov. 27, 2006) (Campbell, J.) (unpublished).

For the reasons explained above, the Davidson County Sheriff's Office is not a person for purposes of Section 1983. Because Plaintiff cannot establish the second part of the two-part test under Parratt, his claim against the Sheriff's Office lacks an arguable basis. Therefore, Plaintiff fails to state a claim against defendant Davidson County Sheriff's Office.

3

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 11) be GRANTED and that the Davidson County Sheriff's Office be DISMISSED from this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge