UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOE LONDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:06-1110 |
| | ) Judge Echols |
| | ) |
| CORRECT CARE SOLUTIONS, | ) |
| et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on a Report and Recommendation ("R & R") (Docket Entry No. 16), in which the Magistrate Judge recommends granting the Motion to Dismiss (Docket Entry No. 11) filed by the Defendant Davidson County Sheriff's Office. Plaintiff has filed an Objection (Docket Entry No. 19) to the R & R.

Plaintiff, an inmate at the Davidson County Criminal Justice Center, filed suit under 42 U.S.C. § 1983, claiming that he was not provided proper treatment for psoriasis. Included as a Defendant is the Davidson County Sheriff's Office. That Defendant moved to dismiss on the grounds that it is not a proper entity. The Magistrate Judge agreed and recommends that the Motion to Dismiss be granted.

In his objection, Plaintiff asserts that the "Metropolitan Government" is in fact a municipal corporation, capable of suing and being sued. While that may be so, it does not address the

1

issue presented and that is whether the Davidson County Sheriff's Office is a suable entity.

Sheriff departments, police departments and county jails are not usually suable entities. See, De La Garza v. Kandiyohi County Jail, 18 Fed. Appx. 436, 437 (8th Cir. 2001); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)(both collecting cases). This is because under Section 1983 a court is to look to state law to determine whether an entity is capable of being sued and generally a sheriff or police department or county jail is not a separate legal entity but instead is a part of a municipality or local governmental organization.

Under Tennessee law, "municipalities may exercise only those express or necessarily implied powers delegated to them by the Legislature in their charters or under statute." City of Lebanon v. Baird, 756 S.W.2d 236, 241 (Tenn. 1998). Section 1.01 of the Charter for the Metropolitan Government of Nashville and Davidson County, Tennessee provides that the Metropolitan Government itself is a public corporation "capable of suing and being sued." Metropolitan Charter § 1.01. However, Section 16.05 provides that the Sheriff is an officer of the Metropolitan Government and that "[a]ll fees, commissions, emoluments and prerequisites of the office of the sheriff shall accrue to the Metropolitan Government[.]" Id. § 16.05. As such, the Sheriff and his department are not separate legal entities capable of suing and

2

being sued.  See, Drennon v. ABL, 2006 WL 3448686 at *2 (M.D. Tenn. 2006)("Davidson County Sheriff's Office is not a person for purposes of § 1983" and hence is not capable of being sued).

Accordingly, the Report and Recommendation ("R & R") (Docket Entry No. 16) is hereby ACCEPTED AND APPROVED and Plaintiff's Objection (Docket Entry No. 19) thereto is hereby OVERRULED.  The Motion to Dismiss by Davidson Countys Sheriff's Office (Docket Entry No. 11) is hereby GRANTED and Defendant Davidson County Sheriff's Office is hereby DISMISSED WITH PREJUDICE.

This case is returned to the Magistrate Judge under the previous Order of reference (Docket Entry No. 14) and to schedule trial and pretrial conference dates.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE