IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOE LONDON )
)
v. ) NO. 3:06-1110
)
CORRECT CARE SOLUTION, et al. )

TO:  Honorable Robert L. Echols, District Judge

# REPORT AND RECOMENDATION

By Order entered January 18, 2007 (Docket Entry No. 14), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, for consideration of all pretrial matters.

Presently pending before the Court is the Motion (Docket Entry No. 29) for Summary Judgment of Defendants Correct Care Solutions, Dawn James, and Grady Bazzell.  Plaintiff has not filed a response in opposition to the motion.[1]  For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 seeking damages.  He alleges that he was denied adequate medical care while an inmate at the Davidson

---

[1] By Order entered September 19, 2007 (Docket Entry No. 33), the Court notified Plaintiff of the motion and the need to respond.  Plaintiff received a copy of that Order on September 21, 2007, and signed for the certified mail enclosing the Order.  See Docket Entry No. 34.

County Criminal Justice Center ("CJC") in Nashville, Tennessee during 2006.[2] Specifically, he alleges that he was not provided proper treatment for psoriasis and was told to purchase a cream from the CJC commissary. However, he contends that the commissary did not sell such a cream and he suffered a severe breakout on his skin.

By Order entered November 16, 2006 (Docket Entry No. 3), process was issued to the Davidson County Sheriff's Office ("Sheriff's Office"), Correct Care Solutions ("CCS"), which has a contract with the CJC to provide medical care to inmates, Dawn James, a nurse practitioner, and Dr. Grady Bazzel.[3]

By Order entered June 27, 2007 (Docket Entry No. 22), the Court granted the motion to dismiss of the Defendant Sheriff's Office. On July 12, 2007, a Scheduling Order (Docket Entry No. 23) was entered to facilitate pretrial activity in the action.

By their pending motion, Defendants contend that Plaintiff's allegations fail to show any basis for a constitutional claim against CCS and that Plaintiff's allegations against Defendant James fail to show that her actions rose to the level necessary for a constitutional claim. Defendant Bazzel contends that the complaint contains no factual allegations against him. Defendants support their motion with the affidavit of Defendant James (Docket Entry No. 32).[4]

---

[2] Plaintiff's August 16, 2007, notice of a change of address (Docket Entry No. 24), indicated that he was no longer incarcerated. However, his October 31, 2007, change of address notice (Docket Entry No. 37) indicates that he is again incarcerated at the CJC.

[3] In his Complaint, Plaintiff refers to him as "Bassell" and "Bessell," but it appears that his surname is spelled "Bazzel." Although Plaintiff did not list Defendants James and Bazzel in the caption of his complaint, they are listed as defendants in the body of the Complaint. See Docket Entry No. 1, at 3.

[4] Defendants state in their motion that Plaintiff's complaint indicates that his suit is also one for medical malpractice. See Defendants' Memorandum (Docket Entry No. 30) at 1, n.1. The Court disagrees and finds that the complaint alleges only a constitutional claim under 42 U.S.C. § 1983. The reference to state law causes of action in the complaint is merely a summary of claims under the

2

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material, and the dispute must be genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248.

---

Tennessee Governmental Tort Liability Act which Plaintiff has filed in the state courts.

## III. CONCLUSIONS

Summary judgment should be granted to Defendants, and the action should be dismissed with prejudice. Based upon the evidence before the Court, no reasonable jury could find in favor of Plaintiff on his claim that he was denied medical care in violation of the U.S. Constitution.

Plaintiff's complaint about medical care at the CJC falls far short of supporting a constitutional claim. A violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment occurs only when prison officials act with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An actionable Eighth Amendment claim has two elements. The first element is an objective one that requires Plaintiff to prove that his medical condition was sufficiently serious. The second element is a subjective component that demands a showing that prison officials acted with a sufficiently culpable state of mind, i.e., deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Thus, it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).

With respect to Plaintiff's claim, there is no evidence before the Court that Plaintiff's psoriasis was a serious medical need. The undisputed affidavit of Dawn James shows that Plaintiff had a medical condition at the time that was treatable with topical creams. See Docket Entry No. 32. There is no evidence before the Court showing that any other type of treatment was required, that any complications arose from the condition presented by Plaintiff at the CJC, or that Plaintiff's condition was so obviously significant that immediate treatment was required. Not every medical need, even if some type of treatment is required or if the medical need causes some level of discomfort, rises to the level of a serious medical need. See Chance v. Armstrong, 143 F.3d 698, 702 (2nd. Cir. 1998);

Jennings v. Al-Dabagh, 275 F. Supp. 2d 863 (E.D. Mich. 2003). The evidence simply fails to show that Plaintiff's medical condition amounted to a serious medical need.

Further, the undisputed evidence before the Court shows that Plaintiff was not treated with deliberate indifference. The undisputed affidavit of Dawn James indicates that Plaintiff was examined by medical care providers concerning his condition, that topical creams available in the prison commissary were recommended to him, and that another type of cream was later ordered and provided to him. See Docket Entry No. 32.[5]

When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Eighth Amendment does not guarantee a prison inmate the "optimum or best medical treatment." McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978); Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982). No reasonable jury could find in Plaintiff's favor on his claim if the claim were allowed to proceed to trial. Anderson, 477 U.S. at 252. There are simply no allegations in the complaint that any of the three defendants took actions which were deliberately indifferent to Plaintiff's serious medical needs.

---

[5] Defendants contend that Plaintiff has not made any allegations against Dr. Bazzel. See Docket Entry No. 30 at 2. Although the complaint does not clearly set out allegations against Defendant Bazzel, the complaint does state that Defendant Bazzel examined Plaintiff in April of 2006, and recommended that Plaintiff "order comfort medication hydrocortisone cream from commissary." See Complaint (Docket Entry No. 1) at 2. This allegation is consistent with the affidavit of Dawn James. See Docket Entry No. 32 at ¶ 3. This allegation, however, fails to evidence deliberate indifference and merely evidences a difference of opinion with Dr. Bazzel's recommendation for conservative treatment.

5

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 29) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge