UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOE LONGDON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:06-1110 |
| | ) Judge Echols |
| CORRECT CARE SOLUTIONS, INC., et al, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 39) of the Magistrate Judge which recommends granting Defendants' Motion for Summary Judgment (Docket Entry No. 29) on Plaintiff's claim that he was denied adequate medical care for his psoriasis while an inmate at the Davidson County Criminal Justice Center ("CJC"). Plaintiff has filed an "Objection to the Report and Recommendation" (Docket Entry No. 41).

When a party makes timely objections to an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). This Court's *de novo* review of the entire record leads it to conclude that the Magistrate Judge correctly found "Plaintiff's complaint about medical care at the CJC falls far short of supporting a constitutional claim." (Docket Entry No. 39 at 4).

1

Plaintiff did not file a response in opposition to Defendants' Motion for Summary Judgment. In his Objections to the R & R, he asserts that psoriasis can be a serious medical condition inasmuch as it affects the body's largest organ – the skin. However, as the Magistrate Judge pointed out, the record contains no evidence that Plaintiff's psoriasis was a serious medical condition. Instead, the record clearly shows that the condition was treatable with topical creams.

Plaintiff does not dispute that his condition was treatable with topical creams, but contends that Defendants were deliberately indifferent because they told him to use creams available at the jail commissary. Plaintiff claims the CJC commissary only sold generic Noxema and coca butter skin care cream, neither of which had ingredients to treat his psoriasis. Even if true, it does not follow that Defendants were deliberately indifferent to a serious medical need.

According to an Affidavit from Defendant Dawn James ("James"), a Nurse Practitioner for Defendant Correct Care solutions, she received a sick call note from Plaintiff on September 19, 2006. In reviewing Plaintiff's records, James read a physician's note from Plaintiff's prior incarceration in April 2006 which indicated that Plaintiff's psoriasis would likely resolve with topical creams from the commissary. Plaintiff was instructed to use such a cream. Approximately one month later, on October 13, 2006, James received a phone call from a nurse regarding Plaintiff's most recent sick call note who informed James that Plaintiff had used Triamcinolone 0.1% cream prior to his most recent arrest in August 2006. Tubes of that cream were then provided to Plaintiff. The action taken by James can hardy be said to exhibit deliberate indifference to Plaintiff's medical needs. See, Perez v. Oakland County, 466 F.3d 416, 424 (6th Cir. 2006)(deliberate indifference claim includes a subjective component which requires a showing that a defendant actually knew of the serious medical need, was aware of the risk, and consciously disregarded the risk).

2

The essence of Plaintiff's Objection is that he should not have been required to try the cream available from the commissary, but instead should have been provided with Triamcinolone cream from the outset. This argument suggests that Defendants were negligent in failing to treat his condition. However, mere negligence will not support a deliberate indifference claim. Farmer v. Brennan, 114 S.Ct. 1979, 1977 (1994).

Moreover, the record is bereft of any evidence that complications arose from the treatment or lack thereof, or that Plaintiff's condition obviously required immediate treatment of a certain type. While Plaintiff complains that the commissary cream did not relieve his itchy skin caused by the psoriasis, the fact that Plaintiff may have suffered some discomfort prior to receiving the Triamcinolone cream is not sufficient to establish a claim for deliberate indifference. See Loukas v. Gundy, 70 Fed. Appx. 245, 247 (6th Cir. 2003)(prison physician's failure to diagnose broken ankle for 24 days did not amount to deliberate indifference even though inmate suffered some discomfort because break was not serious and there was no showing that there was a detrimental effect to inmate from delay in treatment).

After independently reviewing the entire record, this Court agrees with the Magistrate Judge's observation that "[n]o reasonable jury could find in Plaintiff's favor on his claim if the claim were allowed to proceed to trial." (Docket Entry No. 39 at 5). Accordingly, the Court rules as follows:

(1) the Report and Recommendation (Docket Entry No 39) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's "Objection to Report and Recommendation" (Docket Entry No. 41) is hereby OVERRULED;

3

(3) Defendants' Motion for Summary Judgment (Docket Entry No. 29) is hereby GRANTED; and

(4) This case is hereby DISMISSED WITH PREJUDICE.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE